CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 25 2005

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IVY J. PENDLETON, ) | Case No. 7:04CV00703 |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| WAL-MART STORES, INC. ) | By: Hon. James C. Turk |
|  ) | Senior United States District Judge |
| Defendant. ) | |

This case is before the Court on a motion for partial dismissal filed by the defendant, Wal-Mart Stores, Inc. ("Wal-Mart"). (Dkt. No. 6) Wal-Mart requests that the Court dismiss the retaliation portion of the complaint[1] filed by the plaintiff, Ivy J. Pendleton ("Pendleton"), because she failed to exhaust her administrative remedies prior to filing the suit. The plaintiff has not responded to this motion since the defendant filed it nearly four months ago, and the Court has information that the defendant does not plan to oppose the motion.

As a general rule, before a plaintiff may file suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII") in Virginia, she must first file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act. *Tinsley v. First Union Nat'l Bk.*, 155 F.3d 435, 440 (4th Cir. 1998). This general rule applies to the situation where a plaintiff alleges acts of retaliation that occurred before she filed an EEOC charge. *See Riley v. Technical and Management Servs. Corp.*, 872 F. Supp. 1454, 1460 (D. Md. 1995), *aff'd* 79 F.3d 1141 (4th Cir.

---

[1] The last sentence in paragraph three of Pendleton's complaint states: "Plaintiff alleges sex discrimination and retaliation all in violation of United States Code, Section 2000(e) *et seq.*, as amended.

1

1996) (holding that a plaintiff must exhaust her administrative remedies when the alleged retaliation issue could have been raised in the original EEOC complaint); *see also Stouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001) ("[R]etaliation claims based on conduct that occurred *before* the filing of the EEOC charge must be included in that charge." (Emphasis in original)).

Here, Pendleton's claims of retaliation occurred during her employment with Wal-Mart.[2] Because she filed her EEOC charge on March 31, 2004 – that is, after she resigned – then the alleged retaliation occurred before she filed the EEOC charge. As such, that claim is time-barred and must be dismissed. Therefore, it is **ORDERED** that the defendant's partial motion to dismiss is **GRANTED**.

The Clerk of Court is directed to strike the retaliation portion of the complaint and to send certified copies of this Order to all parties of record.

ENTER:   This 25th day of May, 2005.

/s/ James C. Turk
Senior United States District Judge

---

[2] The plaintiff resigned on December 22, 2003.

2